IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| S.M., J.C., C.O., T.R., M.W., AND K.W., | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:20-CV-_____ |
| | § | |
| BOARD OF REGENTS OF STEPHEN F. AUSTIN STATE UNIVERSITY AND SCOTT GORDON, PH.D., PRESIDENT OF STEPHEN F. AUSTIN STATE UNIVERSITY, AND STEPHEN F. AUSTIN STATE UNIVERSITY | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFFS' *EMERGENCY* MOTION FOR TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, S.M., J.C., C.O., T.R., M.W., and K.W., ("Plaintiffs") file this Emergency Motion for Temporary Restraining Order and would respectfully show the Court as follows:

BACKGROUND

1. On October 5, 2020, Plaintiffs filed their Original Complaint against Defendants, The Board of Regents of Stephen F. Austin State University ("The Board"), Scott Gordon, Ph.D. as President of Stephen F. Austin State University ("President Gordon"), and Stephen F. Austin State University, seeking permanent injunctive relief to endure that they were provided proper procedural due process as guaranteed by the Fourteenth Amendment of the United States Constitution.

2. Plaintiffs incorporate their Original Complaint by reference.

3. Defendants are denying Plaintiffs procedural due process and as seeking to discipline them without providing Plaintiffs with adequate notice of what SFA rules they are accused of violating, refusing to turn over key evidence related to the incident, including video recordings and witness statements, and refusing to allow Plaintiffs adequate time to prepare to respond to the allegations against them

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

4. The issuance of a Temporary Restraining Order ("TRO") is governed by Rule 65(b) of the *Federal Rules of Civil Procedure*.

5. An affidavit that proves the allegations in this application for injunctive relief is attached as to Plaintiff's Original Complaint Exhibit "A" and is incorporated by reference.

6. Plaintiffs request that the Court issue a TRO to preserve the *status quo* by prohibiting Defendants and their subordinates from taking any further disciplinary action against Plaintiffs, including scheduling or conducting any hearing or attempting to compel Plaintiffs to make any statements about this incident to SFA officials.

7. Plaintiffs further request that the TRO also order Defendants and their subordinates to persevere all evidence concerning this matter, including police body-camera footage, recordings, and all witness statements, as well as any communications between any employee or representative of SFA and C.E., C.E.'s parents, or C.E.'s attorney concerning this incident.

8. Plaintiffs, students at SFA, will likely suffer imminent and irreparable injury if Defendants are not restrained because once Plaintiffs' due process rights are violated, they cannot be restored. Further, the risk of stigma is significant if Plaintiffs are disciplined with due process.

9. There is no adequate remedy at law because once the *status quo* because once SFA takes disciplinary action, stigma will attach, and the status quo cannot be restored. Moreover, the disciplinary actions will become part of Plaintiffs' permanent records, even if later reversed.

10. Likewise, key evidence, including recordings, witness statement and reports in this case must be preserved. If those items are lost or destroyed, they cannot be replaced.

11. There is also a substantial likelihood that Plaintiffs will prevail on the merits of their underlying claim—a permanent injunction ordering Defendants to provide Plaintiffs with proper due process of law.

12. The threatened harm to the Plaintiffs—altering the *status quo*—outweighs any harm that a TRO would inflict on Defendant, who are state officers and a state institution.

13. Moreover, up until the news story broke, Defendants were in no immediate rush to take action against Plaintiffs.

14. Issuance of a TRO would not affect the public interest and public policy because the TRO simply maintains the *status quo until this Court can ensure that Plaintiffs'* due process rights are protected.

15. Further, the public interest and public policy support maintenance of the *status quo*.

16. Plaintiffs will post a bond in an amount deemed appropriate by the Court.

17. Plaintiff requests that the Court set the request for Preliminary Injunction for hearing at the earliest possible time.

18. Plaintiffs request that the Court issue this TRO *Ex Parte* because there is insufficient time to notify Defendant and hold a formal hearing as hearings are beginning as soon as October 5, 2020. Plaintiffs also believe that if Defendants are given advance notice of this Application for Temporary Restraining Order, they take immediate action against Plaintiffs.

19. Further, this TRO can only remain in place for 14 days.

20. Sean Hightower has verified the facts stated in this Motion for Ex Parte Temporary Restraining Order and his verification is attached as Exhibit "A" of this motion.

21. A proposed TRO is being submitted with this motion.

REQUEST FOR PRELIMINARY INJUNCTION

22. Following a hearing, Plaintiffs ask the Court to issue a Preliminary Injunction prohibiting Defendants and their subordinates from taking any further disciplinary action against Plaintiffs including scheduling or conducting any hearing or attempting to compel Plaintiffs to make any statements about this incident to SFA officials and ordering Defendants and their subordinates to persevere all evidence concerning this matter, including police body-camera footage, recordings, and all witness statements, as well as any communications between any employee or representative of SFA and C.E., C.E.'s parents, or C.E.'s attorney concerning this incident.

PRAYER

WHEREFORE, Plaintiffs respectfully pray the Court issue a Temporary Restraining Order.

Respectfully submitted,

| | |
|---|---|
| **MALLEY LAW FIRM, PLLC** | **FRANKLIN LAW FIRM, PLLC** |
| /s/ *Anthony Malley* | /s/ *Tanner Franklin* |
| **Anthony "Tony" Malley, III** | **Tanner G.M. Franklin** |
| Texas Bar No. 24041382 | Texas Bar No. 24082506 |
| tony@mallaw.com | tfranklin@tfranklinlawfirm.com |
| 1485 Wellington Cir. Ste. 101 | 2528 Highway 103 |
| Beaumont, Texas 77706-3421 | Etoile, Texas 75944 |
| (409) 212-8888 – Telephone | (936) 854-3213 – Telephone |
| (409) 212-8002 – Fax | (888) 430-2559 – Fax |

**Attorneys for Plaintiffs**

## CERTIFICATE OF CONFERENCE AND
## CERTIFICATE OF COMPLIANCE REGARDING
## FEDERAL RULE OF CIVIL PROCEDURE RULE 65(b)

Because it the hearings sought to be enjoined are starting as soon as October 5, 2020, there is insufficient time to provide notice of this application to Defendant.  Moreover, Plaintiffs have a good faith belief that if given advance notice of this Motion for Temporary Restraining Order, Defendants will move to discipline Plaintiffs immediately without due process, thereby causing immediate and irreparable injury, loss, or damage to Plaintiffs.  For these reasons, prior notice should not be required, and the TRO may be issued *ex parte*.

For the reason stated above a conference is not possible.

/s/ *Anthony Malley*
Anthony "Tony" Malley, III